IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| RODERICK HOWARD, | : |
| | : |
| Petitioner, | : |
| | :   CASE NO: 4:05-CV-121  CDL |
| VS. | : |
| | :   Proceedings Under 28 U.S.C. § 2254 |
| TODD THOMAS, WARDEN, | :   Before the U.S. Magistrate Judge |
| | : |
| Respondent. | : |

## **REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely.  On May 9, 1996, Petitioner Howard was convicted of burglary.  Petitioner was sentenced to serve twenty years in prison.  The Petitioner thereafter filed a direct appeal to the Georgia Supreme Court wherein the Court affirmed his conviction on June 10, 1997.  Petitioner's Motion for Reconsideration was denied on June 19, 1997.  Petitioner then filed a Writ of Certiorari with the Georgia Supreme Court which was thereafter denied November 14, 1997.

On September 14, 2000, the Petitioner was granted parole by the Georgia Board of Pardons and Paroles (hereinafter, "Board").  Petitioner's parole was thereafter revoked by the Board on March 13, 2001, and he was remanded back to state custody. (Respondent's Exh. 4).  On August 7, 2002, the Petitioner filed a state habeas corpus petition in the Charlton County Superior Court which was denied on September 29, 2004, after an evidentiary hearing. (Respondent's Exh. 2).   The Petitioner then filed an application for certificate of

probable cause to appeal with the Georgia Supreme Court which was denied on September 20, 2005. Thereafter, the Petitioner filed the current petition on October 21, 2005. The Respondent then filed his Answer and Motion to Dismiss[1] on January 13, 2006. On January 23, 2006, the Petitioner responded to the Motion to Dismiss.

In his Motion to Dismiss, the Respondent moves the court to dismiss the current action as untimely, arguing that the Petitioner did not file the current petition within the one year limitations period as prescribed in the AEDPA. The Petitioner, alternatively, argues that the actions of the Board are not subject to the AEDPA limitations period as he is not challenging a conviction by a state court.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

---

[1] Respondent acknowledges and the court takes notice that the Petitioner has filed two previous § 2254 petitions in this court challenging the underlying 1996 conviction. The court further takes notice that the current action pertains to the actions concerning Petitioner's parole revocation.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

It should first be noted here that the Eleventh Circuit Court of Appeals has held that there is no merit to a petitioner's claim that the AEDPA one year limitations period does not apply where he is not challenging a conviction by a state court but is challenging a ruling made by a parole Board. *See, Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Specifically, the Court held that:

> There is no merit to Appellant's argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings. Section 2254 is triggered where a prisoner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Appellant is in custody pursuant to the judgment of the Florida court. Therefore § 2254 applies to Appellant's petition. A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner--*i.e.,* if he is "in custody pursuant to the judgment of a State court"--then we must apply its requirements to him.

Because it is clear that the AEDPA one year limitations period is applicable to the Petitioner's current action, the court must now determine if the action is timely. Under the

3

statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A).  In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339.  The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA.  *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987).  In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d).  Pursuant to Eleventh Circuit case law, the Petitioner's limitations period began to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights. *See, Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).   For purposes of this case, Petitioner's statute of limitation began to run on March 13, 2001, the date on which the Board revoked his parole.  Thus, he had until March 12, 2002, to file a collateral attack or an application for other state post-conviction relief.  The Petitioner, however, waited until August 7, 2002, more than four

months afer his one year limitations period had run in which to file has state habeas petition.

As set out above, the one-year limitation period *is* tolled during the pendency of a properly filed state post-conviction proceeding.  However, the was no time period left to toll at the point the Petitioner filed his petition for state habeas corpus relief on August 7, 2002.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000).

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's action be **DISMISSED.**  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 23rd day of January, 2006.

                                         S/G. MALLON FAIRCLOTH
                                         UNITED STATES MAGISTRATE JUDGE